```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/27/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT GOKEY,

                          Plaintiff,

            v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                          Defendant.

No. 18-CV-0658 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). For the reasons that follow, the Court awards fees to Plaintiff's counsel, Christopher Bowes, in the amount of $22,271.75, with $7,000 of that award to be directly remitted to Plaintiff.

## BACKGROUND

    In 2018, Plaintiff Robert Gokey retained Bowes' services in order to challenge an Administrative Law Judge's denial of Gokey's application for disability benefits under Title II of the Social Security Act. Dkt. 27 ("Bowes Dec.") ¶¶ 7-9 & Ex. A. Bowes' retainer established a contingency fee agreement whereby Gokey would pay Bowes 25% of any past-due benefits that Gokey and his minor children (Gokey's auxiliary beneficiaries) received as a result of a successful appeal. *Id.* Bowes filed a federal court complaint on January 25, 2018. Dkt. 1. He then filed a motion for judgment on the pleadings on October 22, 2018; the Commissioner opposed that motion and filed a cross-motion for judgment on the pleadings. Dkts. 13, 15. On June 10, 2019, this Court adopted Magistrate Judge Fox's recommendation to grant Plaintiff's motion and deny the

Commissioner's motion. Dkt. 19.

On remand—and represented by different counsel—Gokey received a favorable determination from the ALJ, who found Gokey disabled as of March 12, 2015. Bowes Dec. ¶ 14. Following this determination, the Social Security Administration ("SSA") awarded Gokey $63,491 in past-due benefits; it also awarded three of Gokey's children past-due benefits. *Id.* ¶ 17, 19, Exs. C, D. Pursuant to § 406(b), the SSA is withholding $22,271.75, which represents 25% of those combined past-due benefits. *Id.* ¶ 18, 20, Exs. C, D.[1]

On October 29, 2019, the parties stipulated in this court that the Commissioner would pay Plaintiff attorneys' fees in the amount of $7,000 under the Equal Access to Justice Act ("EAJA"). Dkt. 25. Bowes then filed the instant motion for attorneys' fees in the amount of $22,271.75 under § 406(b)(1)(A). Dkts. 27, 28. The Commissioner does not object to the requested fee amount on the condition that Bowes remit to Plaintiff the $7,000 previously awarded under the EAJA. Dkt. 29.

## LEGAL STANDARD

The Social Security Act authorizes a court to award a successful claimant attorneys' fees upon the return of a favorable judgment, so long as the fee is "reasonable" and "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b)(1)(A). This statutory scheme "does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants"; rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789,

---

[1] Bowes' declaration observes that 25% of Gokey's $63,491 award would be $15,872.75, which deviates from the SSA's calculation of $14,853.25. Bowes Dec. ¶ 18. Given that Bowes accepts the SSA's figures, which would in any event not exceed 25% of the total past-due benefits, the Court does the same.

807 (2002). The burden is on the "attorney for the successful claimant" to "show that the fee sought is reasonable for the services rendered." *Id.* "§ 406(b) allows the district court to award fees in cases of remand so long as the plaintiff is *eventually* awarded benefits, either at the agency level or through further judicial proceedings." *Almodovar v. Saul*, No. 16-CV-7419 (GBD) (SN), 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019), *adopted by* 2019 WL 6207784 (S.D.N.Y. Nov. 21, 2019).

Although "a reduction in the agreed-upon contingency amount should not be made lightly," *Torres v. Colvin*, No. 11 CIV. 5309 (JGK), 2014 WL 909765, at *3 (S.D.N.Y. Mar. 6, 2014), a court may not "blindly approve every fee request made pursuant to a contingent agreement," *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In deciding whether such a request is reasonable, courts should consider (1) "whether the contingency percentage is within the 25% cap," (2) "whether there has been fraud or overreaching in making the agreement," and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* Other relevant factors include "whether the requested fee is out of line with the character of the representation and the results the representation achieved" and "whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee." *Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 657-58 (S.D.N.Y. 2018).[2] And in deciding whether an award would constitute an improper windfall, courts ask whether "the attorney's efforts were particularly successful for the plaintiff," whether there is "evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research," and "whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Blizzard v. Astrue*,

---

[2] Unless otherwise noted, case quotations omit all internal citations, quotations, omissions, and alterations.

3

496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007).

Although attorneys' fees may be awarded under both § 406(b) and the EAJA, an attorney who receives fees under both statutes must refund to his client the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796.

**DISCUSSION**

As an initial matter, the amount of fees Bowes seeks is no more than 25% of the past-due benefits that Gokey and his children were awarded, and thus does not exceed the statutory cap. Nor is there any evidence of fraud or overreaching in the making of the contingency fee agreement. *See* Bowes Dec. Ex. A. The Court also discerns no purposeful delay imposed in an effort to increase the total past-due benefits award. Bowes did cause a delay in the briefing schedule for the motion for judgment on the pleadings when he missed a filing deadline by nearly two months, *see* Dkt. 11, but rather than a deliberate tactic, this appears to have been a genuine oversight. Finally, the award is in "line with the character of the representation and the results the representation achieved," *Rodriguez*, 318 F. Supp. 3d at 657, as "Bowes obtained positive results for his client, prevailing on a motion for judgment on the pleadings and securing a remand to the Commissioner for further proceedings," *Almodovar*, 2019 WL 7602176, at *3. And there are no alleged or obvious deficiencies in the character of his representation.

The only question that remains, then, is whether a $22,271.75 award would be a windfall to Bowes—in other words, "whether the benefits [to be] awarded are large in comparison to the amount of time" he spent on the case. *Rodriguez*, 318 F. Supp. 3d at 658. The Court finds that such an award would not constitute a windfall.

First, the 34.9 hours Bowes spent working on Gokey's case in federal court is a reasonable amount of time. *See Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3

4

(S.D.N.Y. Sept. 28, 2012) (noting that courts find "twenty to forty hours" to be a reasonable amount of time to spend on a Social Security case); *Pelaez v. Berryhill*, No. 12-CV-7796 (WHP) (JLC), 2017 WL 6389162, at *2 (S.D.N.Y. Dec. 14, 2017), *adopted by* 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018) ("Bowes spent a total of 34.3 hours working on Pelaez's case, which is a reasonable number of hours given his work."). Bowes' time record, attached to his declaration, indicates that he primarily spent those hours reviewing the administrative record and drafting federal court pleadings; there are no duplicative or questionable entries. *See, e.g.*, *Savage v. Comm'r, Soc. Sec. Admin.*, No. 15-CV-5774 (JS), 2020 WL 3503218, at *1 (E.D.N.Y. June 29, 2020) (describing similar time entries without questioning their reasonableness).

The Court next considers whether the amount requested is unreasonably high in relation to those hours. Although *Gisbrecht* rejected use of the lodestar method in determining the reasonableness of fees under § 406(b), *see* 535 U.S. at 806-07, courts generally look to the de facto hourly rate that a requested award amount would yield when determining whether the award constitutes a windfall. *See, e.g.*, *Blizzard*, 496 F. Supp. 2d at 323-24. Dividing the total requested amount here by the number of hours Bowes worked produces a de facto hourly rate of $638.16. This number is considerable—and nearly $200 greater than the rate Bowes charges in non-contingency cases, Bowes Dec. ¶ 32. But both Bowes and the Commissioner rightly note that district courts in this circuit have granted awards pursuant to an agreed-upon contingency fee that corresponds to equivalent, and even higher, hourly rates in Social Security cases. Dkt. 28 at 4-5 (collecting cases); Dkt. 29 at 3 n.3 (collecting cases). Indeed, many of those higher fees have been awarded to Mr. Bowes himself.[3] The Commissioner, however, also points to recent cases in this

---

[3] *See, e.g.*, *Ibbetson v. Saul*, No. 14-CV-7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019) (approving Bowes' $838.93 effective hourly rate), *adopted by* 2019 WL 3202998 (S.D.N.Y. July 16, 2019); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving Bowes' $1,007.78 effective hourly rate); *Ferrara v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-0022 (ALC), 2020 WL 6782045,

circuit that have capped attorneys' (including Bowes') de facto hourly rates at $500.00 for work of this nature, even when that work produced favorable results. Dkt. 29 at 3.3 (collecting cases).[4]

The Court agrees with the observation made by another judge of this court that reducing an agreed-upon contingency fee based on the conclusion that it yields too high a de facto hourly rate would "conflict with the pertinent 'windfall' criteria, notably the efficiency test. The more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement." *Torres*, 2014 WL 909765, at *5. Accordingly, the Court bases its analysis primarily on the windfall factors rather than the de facto hourly rate. With those factors in mind, the Court concludes that the requested fee does not constitute a windfall to counsel. Bowes' "effort" in representing Gokey is clearly demonstrated by "pleadings which were not boilerplate and arguments which involved real issues of material fact," *Blizzard*, 496 F. Supp. 2d at 323. His 25-page memorandum of law in support of the motion for judgment on the pleadings documented Gokey's medical history in detail, cited frequently to a 418-page administrative record, and advanced specific arguments challenging the weight of a conflicting physician opinion that relied on a robust body of caselaw. Dkt. 14. Although "there is no indication that [Bowes] engaged in legal research" during the 34.9 hours he spent on Gokey's case, the Court observes "that he is a very experienced and effective litigator for social security disability claimants, and thus has detailed knowledge of the legal standards." *Torres*, 2014 WL 909765, at *4; *see also* Bowes Dec. ¶ 30 (noting Bowes' 25 years of experience litigating Social Security cases). Bowes' experience also led to a highly successful and efficient result: He fully prevailed in his client's

---

at *2 & n.1 (S.D.N.Y. Nov. 18, 2020) (approving Bowes' $892.86 effective hourly rate); *Almodovar*, 2019 WL 7602176, at *3 (approving Bowes' $722.04 effective hourly rate).

[4] *See, e.g., Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *3 (E.D.N.Y. May 30, 2018); *Brown v. Colvin*, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018); *Arroyo v. Commissioner*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at **2-3 (E.D.N.Y. May 4, 2018); *Garmendiz v. Saul*, No. 17-CV-0662 (JGK), 2021 WL 847999, at *2 (S.D.N.Y. Mar. 5, 2021).

motion for judgment on the pleadings and against the Commissioner's cross-motion for the same relief. He also produced that resolution relatively early in the litigation, notwithstanding his inadvertent two-month delay in filing that motion. And while the de facto hourly rate the requested award would yield exceeds Bowes' standard rate by nearly $200, this discrepancy is justified "given the risk of loss assumed in taking a case on a contingency basis," *Almodovar*, 2019 WL 7602176, at *3; *see Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.").

## CONCLUSION

For the foregoing reasons, attorneys' fees are granted in the amount of 22,271.75. Upon receiving this sum, Bowes shall refund the previously awarded EAJA fees of $7,000 directly to Gokey. The Clerk of Court is respectfully directed to terminate the motion at docket number 26.

SO ORDERED.

Dated: October 27, 2021
New York, New York

_____
Hon. Ronnie Abrams